By the Court, Cowen, J.
That a want of title according to the covenant of seisin breaks it, and gives an immediate right of action, is so elementary that authority is scarcely necessary. We have been however very properly furnished with two cases that are in point; the earliest in date showing, that neither on the state of the title when the conveyance now in question was given, nor on circumstances ex post facto, can this verdict be supported. (Raynolls v. Woolmer, 1 Freem.41.) The rule was held generally in Hamilton v. Wilson, (4 John. R. 72,) and indeed has never been questioned.
If the defendant had a complete title when the action was brought, that was not a bar. True, it is said in Morris v. Phelps, (5 John. R. 49, 54,) that in this action u the rights of parties must be determined according to the existence and extent of those rights when the action is commenced.” The remark, however, has reference to the extent of the damages, as depending on the state of the title; not to the question whether any damages at all should be recovered. This is not only plain from the case itself, which allowed damages, but moreover from the books referred to in proof of the position. Among these is 2 Saund. 171, c., devoted to the measure of damages. The other two books, 3 T. R. 186, and 4 East, 507, are that, to entitle the defendant to a right of set-off, it must exist when the action is brought. Whether a good title acquired intermediate the time of the deed and suit brought might be received in mitigation, it is not now necessary to decide. The fact was here allowed by the learned judge, not in mere mitigation, but as a flat bar.
*136 It is said that the plaintiff cannot, at all events, recover anything more than nominal damages; and that a new trial will not be granted where it appears that such must necessarily be the result. (Brantingham, v. Fay, 1 John. Cas. 255 ; Hyatt v. Wood, 3 John. Rey. 239.) Admitting this to be the rule, I think the trivial amount of the claim should be clear and unquestionable. The plaintiff here offered to show that before the title of the defendant had been perfected, the plaintiff failed to make an advantageous and saving sale of the premises, which he might otherwise have done; and that in consequence of such failure and the fall of the land in market, his actual damages were very great. How far this might be an answer to the mitigating effect claimed from the defendant’s good title when the suit was brought, we ought not to decide by anticipation.
A serious question was also made by the plaintiff whether, after all, the defendant had completed his title to the whole, even at the time of the trial. The defendant claimed title by conveyance from the children and heirs at law or devisees of Valentine Seaman. There were eight of them, including James and Marianna. Four, including James, being of age, conveyed to Leggett, (the defendant,) before his deed to the plaintiff, viz. in 1828; and these four covenanted that the other four should convey on the youngest of them coming of age. Before all were of age, Marianna died without issue •, her share thus, as is alleged, coming to the seven who survived. Then all the survivors conveyed to the defendant in 1836, except James, and this was the act on which the defendant relied as completing his title. The plaintiff insists that Marianna took one-eighth in fee, which came, on her death, to the seven survivors ; and James omitting to join in the final deed, there was no conveyance to the defendant of one-seventh of one-eighth. James’ covenant is relied on by the defendant. It is said to be an estoppel; as to which the case is this: A. covenants that B. shall convey to C., and afterwards the title of B. vests in A.,, the covenantor. He has never conveyed, or professed to convey to B. I should doubt whether the naked covenant *137 could be said to pass the title. James did not pretend to convey any more than his own interest. He recited that one-eighth of the title was in Marianna. It is not, therefore, the usual question on a deed with warranty and a title subsequently acquired by the warrantor.
But without expressing a definitive opinion, it is enough that questions such as I have mentioned are in the case, over and above the question on the right to sustain the action. Nominal damages at least are due; perhaps more. The course at the trial cut the plaintiff entirely short of an action for any damages.
I think a new trial should be granted, the costs to abide the event.
Ordered accordingly.